IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR THOMPSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-2780 |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**MARSTON, J.**                                                                                             **October 31, 2025**

This is another civil case filed by *pro se* Plaintiff Arthur Thompson, in which he alleges his arrests and pending criminal prosecutions in state court violate his constitutional rights. Pending before the Court is a motion to dismiss from the Commonwealth of Pennsylvania (the "Commonwealth"). (Doc. No. 6.) Thompson opposes this motion. (Doc. No. 11.) For the following reasons, the Court *sua sponte* dismisses Thompson's Complaint with prejudice due to *res judicata*, and the Commonwealth's motion to dismiss is denied without prejudice as moot.[1]

**I.      FACTUAL BACKGROUND & PROCEDURAL HISTORY**[2]

As of the date of this memorandum, Thompson has filed seven lawsuits in the Eastern District of Pennsylvania challenging either or both his state and federal arrests and criminal

---

[1] On September 29, 2025, Thompson also filed an amended complaint on the docket. (Doc. No. 12.) But the amended complaint violates Federal Rule of Civil Procedure 15 because it was untimely and failed to either seek the Court's leave or the written consent of all parties in this action. *See* Fed R. Civ. P. (a)(1)(A), Fed R. Civ. P. (a)(2). Thus, Thompson's original Complaint (Doc. No. 1) is still his operative complaint in this case.

[2] The following facts and procedural history are taken from Thompson's Complaint and court dockets of which the Court takes judicial notice. *See Orabi v. Att'ty Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of [this] Court's docket.") The Court adopts the pagination supplied to those filings by the CM/ECF docketing system.

prosecutions.[3] The first of these lawsuits was filed in February 2025, and Thompson brought suit against 10 defendants, including, the Commonwealth, the Honorable Shanese I. Johnson of the Philadelphia County Court of Common Pleas ("Judge Johnson"), and former Assistant District Attorney Robert Goggin ("ADA Goggin"). *See Thompson I*, Doc. No. 2.

In that case, Thompson alleged violations of his First, Second, and Eighth Amendment rights and for conspiracy to deprive him of his constitutional rights in violation of 18 U.S.C. § 241, due to both his state and federal criminal prosecutions. *See Thompson I*, No. 25-cv-1095, 2025 WL 834747, at *2 (E.D. Pa. Mar. 17, 2025). After granting Thompson leave to proceed *in forma pauperis*, the Court dismissed Thompson's complaint noting, as relevant to his claims in the case now before the Court, that: (1) judicial immunity shields Judge Johnson from suit for actions taken in her official capacity; (2) prosecutorial immunity shields ADA Goggin from suit for actions taken in his official capacity; and (3) sovereign immunity shields the Commonwealth from suit absent a waiver. *Id.* at *4–5. Each of the claims against the above persons and entity were dismissed with prejudice. *Id.* at *6. Thompson was given leave to amend his complaint but instead filed an interlocutory appeal—which was denied for lack of jurisdiction—and then failed to prosecute his claims upon remand, causing the Court to dismiss the entire case with prejudice. *See Thompson I*, Doc. Nos. 4–5, 8–12, 20.

Here, Thompson sues the Commonwealth, Judge Johnson, and ADA Goggin.[4] (*Id.* at 1–3.) He again alleges that Defendants engaged in criminal conspiracy during Plaintiff's state

---

[3] *See Thompson v. Fed. Bureau of Investigation*, No. 25-1095 (E.D. Pa.) ("*Thompson I*"); *Thompson v. Fed. Bureau of Investigation*, No. 25-2274 (E.D. Pa.); *Thompson v. F.B.I.*, No. 25-4510 (E.D. Pa.); *Thompson v. All Parties Involved in the Arrest and Prosecution of Arthur Thompson and All Others Similarly Situated*, No. 25-5665 (E.D. Pa.); *Thompson v. Johnson*, No. 25-5818 (E.D. Pa.); *Thompson v. Fed. Det. Ctr. Phila.*, No. 25-5841 (E.D. Pa.).

[4] As of the date of this memorandum, the Commonwealth is the only Defendant properly served. *See* Fed. R. Civ. P. 4(m) (limiting a plaintiff to "90 days after the complaint is filed" to serve it on all defendants).

prosecutions in violation of 18 U.S.C. § 241. (Doc. No. 1 at 2, 4.) The only factual allegations Thompson provides are that his constitutional rights were violated by the Defendants through his criminal cases proceeding in the Philadelphia Court of Common Pleas.[5] (*Id.*) Specifically, Thompson alleges that ADA Goggin filed a motion *in limine* regarding Plaintiff's constitutional defenses, Thompson filed a motion to dismiss, and that the Commonwealth is liable under a *respondeat superior* theory. (*Id.* at 4.) And although Thompson does not explicitly state it, he also again seeks to bring a claim against Defendants under 42 U.S.C. § 1983 because he again alleges that his First and Second Amendment liberties were infringed upon by Defendants in their official capacity.[6] (*Id.*) Thompson asks the Court to institute criminal charges against Defendants and to award him $50 million. (*Id.* at 5.)

## II. LEGAL STANDARD

*Res judicata* bars actions where there was: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Beasley v. Howard*, 14 F.4th 226, 232 (3d Cir. 2021). "Claim preclusion—which some courts and commentators also call res judicata—protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *Beasley*, 14 F.4th at 231 (quotation marks omitted). And a "court may *sua sponte* dismiss an action on [the ground of *res judicata*] where the court is

---

[5] Notably, Plaintiff does not state which criminal case proceedings gave rise to his Complaint, but the public docket demonstrates that Plaintiff was arrested and charged in both December 2022, *Commonwealth v. Thompson*, No. CP-51-CR-0000826-2023 (Phila. Cnty. Ct. Com. Pl.), and October 2023 before the Philadelphia Court of Common Pleas, *Commonwealth v. Thompson*, Nos. CP-51-CR-0008150-2023; CP-51-CR-0008153-2023 (Phila. Cnty. Ct. Com. Pl.). Both criminal cases have been assigned to Judge Johnson.

[6] The Court also considered whether Plaintiff's claims had merit under 42 U.S.C. § 1983 in Plaintiff's earlier case. *See Thompson I*, 2025 WL 834747 at *3.

on notice that it previously decided the issue presented." *See Atwell v. Metterau*, 255 F. App'x 655, 657 (3d Cir. 2007).

### III. DISCUSSION[7]

Here, Thompson's claims against all three Defendants are barred by *res judicata*. Each of the three factors being found, Thompson's Complaint shall be dismissed with prejudice.

#### a. *There Exists a Final Judgment on the Merits*

An order will serve as a final judgment "on the merits" when it is entered after Plaintiff has a full and fair opportunity to prove his case and fails to do so. *See Egli v. Strimel*, 251 F. Supp. 3d 827, 836 (E.D. Pa. 2017); *see also Shah v. United States*, 540 F. App'x 91, 93 (3d Cir. 2013) (holding that *res judicata* is implicated whether the party subject to the doctrine had a "full and fair opportunity to litigate the claim") Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order . . . the dismissal order . . . operates as an adjudication on the merits."); *Landon v. Hunt*, 977 F.2d 829, 833 (3d Cir. 1992) ("a dismissal for

---

[7] While the Court does not reach the Commonwealth's motion to dismiss in this opinion, taken alone, Plaintiff's claims against the Commonwealth would also be dismissed with prejudice. Complaints will not survive a motion to dismiss if they fail to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Conclusory allegations and mere statements regarding a Plaintiff's entitlement to relief are not sufficient to state a claim. *See Iqbal*, 556 U.S. at 678. Thompson's criminal conspiracy claims against the Commonwealth fail to give rise to a civil action as required by Fed. R. Civ. P 12(b)(6). *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]" ); *Colon-Montanez v. Pa. Healthcare Serv. Staffs*, 530 Fed. App'x 115, 118 (3d Cir. 2013) (per curiam) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant."); *Smith v. Friel*, No. 19-cv-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) ("[C]ourts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties[.]").

Similarly, Plaintiff's claims also fail for a lack of subject matter jurisdiction as stipulated by Fed. R. Civ. P. 12(b)(1) to the extent that they may construed under 42 U.S.C. § 1983 or civil conspiracy. The Eleventh Amendment's sovereign immunity clause bars suits seeking monetary damages against a state and its agencies in federal court, unless a state consents to the contrary. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984); *A.W. v. Jersey City Pub. Sch.*, 341 F.3d 234, 238 (3d Cir. 2003). The Commonwealth has not waived its immunity and thus this Court is devoid of subject matter jurisdiction. *See* 42 Pa. Cons. Stat. § 8521(b) (2014).

failure to prosecute operates as an adjudication on the merits, and thus is a dismissal with prejudice, baring [sic] further action between the parties.")

Here, there exists multiple final judgments on the merits. On March 17, this Court issued an Order dismissing with prejudice Thompson's constitutional and criminal conspiracy claims against the three Defendants in this action. *Thompson I*, 2025 WL 834747, at *6. And on October 15, 2025, this Court issued another Order dismissing with prejudice Thompson's claims for civil conspiracy against the three Defendants in this action for failure to prosecute. *See Thompson I*, Doc. No. 20. At the time these Orders were issued, Thompson had already had a full and fair opportunity to prove his case, and thus there exists a final judgment on the merits.

### b. *The Same Parties are Involved in Prior Suit*

Under the doctrine of *res judicata*, plaintiffs are barred from bringing the same cause of action against identical or closely related parties in an effort to find judgment in their favor. *See Williams v. Lehigh Cnty. Dep't of Corr.*, 19 F. Supp. 2d 409, 411 (E.D. Pa. 1998) (dismissing claims under *res judicata* due to identical parties in multiple suits). *Res judicata* applies when parties are identical or where there is a "close or significant relationship between successive defendants." *Avins v. Moll*, 610 F. Supp. 308 (E.D. Pa. 1984), *aff'd sub nom. Avins v. Dixon*, 774 F.2d 1150 (3d Cir. 1985) (quotation marks omitted).

Here, the same party requirement is satisfied as to all Defendants. The three Defendants here, in addition to several others, were explicitly named in Thompson's earlier case. *See Thompson I*, Doc. No. 2 at 1–2. These three parties were again listed as Defendants in Thompson's present case. (Doc. No. 1 at 1–3.) Accordingly, the second factor for *res judicata* has been met.

### c. *This Subsequent Suit is Based on the Same Cause of Action*

Courts in the Third Circuit and this District have interpreted what constitutes the same cause of action broadly, focusing on "the essential similarity of underlying events giving rise to various legal claims." *Egli*, 251 F. Supp. 3d 837 (quotation marks omitted).

To determine whether there is an essential similarity in the underlying events, several factors are considered: (1) whether the acts complained of and the demand for relief are the same, (2) whether the theory of recovery is the same, (3) whether the witnesses and documents necessary at trial are the same, and (4) whether the material facts alleged are the same. *Id*. (internal quotation marks and citations omitted).

Here, there is an essential similarity of underlying events giving rise to various legal claims between the present Complaint filed by Thompson, and his earlier case, *Thompson I*. In both complaints, Thompson alleged that the Commonwealth, Judge Johnson, and ADA Goggin, deprived him of his constitutional right to bear arms, as directed by the Qur'an, under the First and Second Amendments. *Thompson I*, Doc. No. 2 at 1–2; (Doc. No. 1 at 1–3.) In both suits, Thompson brought criminal conspiracy claim under 18 U.S.C. § 241 and sought $50 million. *Thompson I*, Doc. No. 2 at 14; (Doc. No. 1 at 1–2, 5). And the material facts of the present Complaint were also included as part of his earlier case. *Compare Thompson I*, Doc. No. 2 at 6–14 *with* (Doc. No. 1 at 4.) As such, this subsequent suit is based on the same underlying events and cause of action and is barred under the doctrine of *res judicata*.

### IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss with prejudice Thompson's criminal conspiracy and constitutional claims against Defendants the Commonwealth of Pennsylvania, the Honorable Shanese Johnson, and ADA Robert Goggin *sua sponte* based on the doctrine of *res*

*judicata*. Thompson will not be given leave to amend these claims because the Court concludes that amendment would be futile.[8]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  As the Court will dismiss the case in its entirety, the Court will also deny the Commonwealth's motion to dismiss without prejudice as moot.

    An appropriate Order follows.

---

[8] To the extent Thompson takes issue with any criminal prosecution of him by the Commonwealth of Pennsylvania, the Court ***again*** advises him that those criminal cases are the proper fora to challenge the validity of the criminal charges asserted against him.